831 So.2d 1246 (2002)
Tony L. GAYNOR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3136.
District Court of Appeal of Florida, Fifth District.
December 13, 2002.
Tony L. Gaynor, Raiford, pro se.
No Appearance for Appellee.
PALMER, J.
Tony Gaynor (defendant) appeals the summary denial of his rule 3.800(a) motion *1247 to correct an illegal sentence.[1] Because the defendant has pursued the wrong remedy, we affirm.
Defendant first challenges the calculation of his gain time. He states that he was sentenced to nine years incarceration in 1993 for two convictions of strong-arm robbery, and further that he was twice placed on conditional release, but both terms of conditional release were revoked and he was returned to prison to complete his nine year sentence. Although his maximum release date is June 2, 2003, and his tentative release date is March 2, 2003, defendant claims that with the proper application of gain time his sentence would have already expired.
Rule 3.800(a) provides a remedy for defendants who have received an illegal sentence, or who have a miscalculation on their sentencing guideline scoresheet. In contrast, issues concerning gain time must first be pursued through administrative remedies, and then by petition for writ of mandamus in the circuit court. Accordingly, the defendant must seek relief on his gain time claim by pursuing his administrative remedies within the Department of Corrections. See Tarrand v. State, 809 So.2d 66 (Fla. 5th DCA 2002) (holding that rule 3.800(a) is not proper remedy where defendant raises issue which should be pursued through administrative remedies); Bryant v. State, 744 So.2d 550 (Fla. 1st DCA 1999) (affirming the denial of a rule 3.800(a) motion which raised a gain time issue without prejudice to defendant to pursue administrative remedies).
Defendant also asserts that a grand theft auto offense was improperly included on his sentencing guideline scoresheet. This factual issue cannot be determined from the face of the record, and therefore cannot be considered in a rule 3.800(a) proceeding. See Roche v. State, 681 So.2d 1210 (Fla. 5th DCA 1996) (holding that defendant's claim that scoresheet was not properly calculated involved issues which could not be determined from the face of the record and would require evidentiary hearing, so trial court correctly denied 3.800(a) motion). See also Williams v. State, 769 So.2d 479 (Fla. 5th DCA 2000).
AFFIRMED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.800.